UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA HINES et al., <br><br> Plaintiffs, <br><br> v. <br><br> GLEN JULIAN et al., <br><br> Defendants. | Case No. 2:24-cv-10731-SB-AS <br><br> ORDER OF DISMISSAL |

    Plaintiffs Lisa Hines, Lisa A. Hines, and Elijah Dunn, self-represented litigants, filed this action on December 12, 2024, Dkt. No. 1, and submitted requests to proceed in forma pauperis (IFP), Dkt. Nos. 3, 4.  On December 26, 2024, the Court exercised its screening authority under 28 U.S.C. § 1915(e) and dismissed the complaint with leave to amend.  Dkt. No. 25.  The Court allowed Plaintiffs to file a second amended complaint (SAC) by January 24, 2025[1] and cautioned that failure to do so would be construed as consent to dismissal of the case without prejudice.  *Id.*  The Court's order was served on Plaintiffs Lisa Hines and Lisa A. Hines at their address of record but was returned as undeliverable on January 16, 2025.  Dkt. Nos. 51, 52.  Mail addressed to Plaintiff Elijah Dunn at the same address has also been returned as undeliverable.  *See, e.g.*, Dkt. Nos. 37 (mail returned as undeliverable on December 27, 2024), 50 (mail returned as undeliverable on January 13, 2025).

    Local Rule 41-6 requires pro se plaintiffs to keep the Court apprised of their current address.  The rule also permits dismissal for failure to prosecute if mail is returned as undeliverable and the plaintiff does not file a notice of change of address within 14 days of the service date.  L.R. 41-6.  As Plaintiffs have failed to

---

[1] The Court's order erroneously set the SAC deadline as January 24, 2024.  Regardless, the Court dismisses the action for the reasons stated below.

timely file a notice of change of address, the Court dismisses this case without prejudice.² The clerk shall close the case.

Date: February 10, 2025

_____
Stanley Blumenfeld, Jr.
United States District Judge

---

² Plaintiffs also failed to file their SAC by the deadline. To the extent that any of the Plaintiffs did receive the Court's order dismissing the complaint with leave to amend, the Court construes the failure to file an SAC as consent to dismissal of the case without prejudice. *See* Dkt. No. 25.